995 F.2d 305
 301 U.S.App.D.C. 405
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Antonio Gordon CRAIG, Appellant.
 No. 92-3116.
 United States Court of Appeals, District of Columbia Circuit.
 May 20, 1993.
 
 Before: WALD, RUTH B. GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that Craig's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 The record supports the finding that the officers' entering the building and pursuing Craig up the stairs did not constitute a seizure. Assuming, arguendo, that Officer McLaughlin's pursuit of Craig up the stairs qualified as an order to stop, Craig nonetheless continued his flight; hence, no seizure occurred. See California v. Hodari D., 111 S.Ct. 1547, 1552 (1991) (juvenile who did not submit to show of authority was not seized until tackled by police officer). These factors, taken together, provided a reasonable articulable suspicion for McLaughlin to stop Craig: the officers' observance of an apparent drug transaction; Craig's attempt to flee when the officers entered the building; and Officer McLaughlin's observation of Craig attempting to hide something under the door of apartment 33. See Terry v. Ohio, 392 U.S. 1, 21 (1968). Once McLaughlin retrieved the plastic bag, which contained a white rock-like substance, probable cause existed for Craig's arrest. See, e.g., United States v. Green, 670 F.2d 1148 (D.C.Cir.1981) (experienced police officer's observation of money transaction typical of narcotics peddling in an area known for drug activity, combined with the suspect's walking away rapidly upon spotting the police officer, and the suspect's apparent attempt to dispose of an object he was carrying, suffice to support officer's conclusion that probable cause existed for arrest).
 
 
 5
 Considering McLaughlin's testimony which, for the most part, was corroborated by that of Officers Jones and Leach, viewing the evidence in the light most favorable to the government, and giving the requisite deference to the jury's determination of credibility, we conclude, in accord with the district court, that the record adequately supports Craig's conviction. See, e.g., United States v. Maxwell, 920 F.2d 1028, 1035 (D.C.Cir.1990) (criminal conviction should be reversed for insufficiency of the evidence "only where the evidence is such that, viewing it in the light most favorable to the government, a reasonable trier of fact could not have found guilt beyond a reasonable doubt") (citations omitted); United States v. Treadwell, 760 F.2d 327, 333 (D.C.Cir.1985) (in reviewing denial of a motion for judgment of acquittal, court of appeals must view the evidence in the light most favorable to the government, "giving full play to the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact"), cert. denied, 474 U.S. 1064 (1986).